| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | C/M |
|---|---|
| MELVIN BAEZ,<br><br>       Plaintiff,<br><br>    - against -<br><br>THE CITY OF NEW YORK; THOMAS CAPRIOLA, C.O.; WILFREDO RAMOS, C.O.; JAMES ARAUJO, C.O.; CAPTAIN JOHN DOE, *et al.*,<br><br>       Defendants. | <u>**MEMORANDUM**</u><br><u>**DECISION AND ORDER**</u><br><br>17 Civ. 1767 (BMC)(PK) |

**COGAN**, District Judge.

  Plaintiff *pro se* Melvin Baez, currently incarcerated at Rikers Island, brings this action pursuant to 42 U.S.C. § 1983, alleging the use of excessive force by defendant court officers during plaintiff's sentencing on February 16, 2017, in New York State Supreme Court, Queens County. He seeks damages and to have the officers disciplined by their employer. Plaintiff's request to proceed *in forma pauperis*, submitted on April 13, 2017, is granted pursuant to 28 U.S.C. § 1915. For the following reasons, the claim against the City of New York is dismissed, and plaintiff is given twenty (20) days to file an amended complaint against the individual court officers that he seeks to sue.

**BACKGROUND**

  This complaint concerns an incident that occurred on February 26, 2017, between approximately 3:00 P.M and 3:50 P.M., during the time of plaintiff's sentencing in the Supreme Court of the State of New York, Queens County, Part K-24, before the Honorable Gene Lopez. Plaintiff alleges that when he "touched the table," he was "thrown to the ground by Court Officers," and then "about six officers [placed their] knees on me," so that he "could not breath."

Plaintiff alleges that the officers tried to break his arm when they handcuffed him, caused him to defecate on himself, and continued to assault him while he was handcuffed as they transported him downstairs. Plaintiff alleges that he did not resist but that they nonetheless continued to use excessive force on him. He states that he feared for his life and was in extreme pain for weeks.

**DISCUSSION**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). During this screening, the reviewing court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Because plaintiff is a prisoner proceeding *pro se*, the Court is required to read the complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, which imposes liability on persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State," cause a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; see also Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).

In order to maintain a § 1983 action, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Here, the complaint fails in two regards: First, it names an improper party, and second, it fails to allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.

## I. The City of New York

Plaintiff names the City of New York as a defendant to this lawsuit. Congress did not intend municipalities to be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under § 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).

The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) (plurality). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, his § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

## II. Personal Involvement by the Individual Defendants

As stated above, a plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of constitutional

rights.  Victory v. Pataki, 814 F.3d 47, 67 (2d Cir. 2016).  There must also be an allegation of "a tangible connection between the acts of the defendant and the injuries suffered."  Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

In the instant complaint, plaintiff names three court officers in the caption, Thomas Capriola, Wifredo Ramos, and James Araujo, in addition to a "Captain John Doe."  He further adds in the body of the complaint "C.O. John Does (about five others)."  However, he does not allege the personal involvement in the alleged use of excessive force of any of the named defendants or the John Does in the statement of claims.  Moreover, the complaint's failure to connect the named defendants with the alleged constitutional violations deprives defendants of sufficient notice of the claims against them, making the complaint non-compliant with Rule 8.  See Fed. R. Civ. P. 8(a)(2) (stating that a complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief").  Thus, the complaint also must be dismissed for failure to state a claim on which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

Although the complaint fails to state a claim as currently pleaded, in light of plaintiff's pro se status, see Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (holding that a *pro se* plaintiff should be afforded the opportunity to amend his complaint prior to dismissal), the Court will permit plaintiff twenty (20) days to amend his complaint.  See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted).

## CONCLUSION

For the above reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court is directed to amend the caption to reflect its dismissal. However, in light of plaintiff's *pro se* status, he is granted twenty (20) days leave from the date of this Order to file an amended complaint.

Plaintiff is advised that the amended complaint will completely replace the original complaint and that he must title the document, "Amended Complaint," and include the same docket number as this Order, 17 Civ. 1767. To the best of his ability, plaintiff must describe each individual and the role he played in the alleged deprivation of his rights. To aid plaintiff with this task, the Clerk of Court is directed to provide a "Complaint for Violation of Civil Rights (Prisoner)" form to plaintiff.

If plaintiff fails to comply with this Order within the time allowed, the Court shall enter judgment dismissing this action. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      April 26, 2017