```
UNITED STATES DISTRICT COURT                      C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
MELVIN BAEZ,                                                :   **MEMORANDUM DECISION**
                                   Plaintiff,               :   **AND ORDER**
                                                            :
            - against -                                     :   17-cv-1767 (BMC)(PK)
                                                            :
THE CITY OF NEW YORK; THOMAS                                :
CAPRIOLA, C.O.; WILFREDO RAMOS,                             :
C.O.; JAMES ARAUJO, C.O.; CAPTAIN                           :
JOHN DOE, *et al.*,                                         :
                                                            :
                                   Defendants.              :
----------------------------------------------------------  X
```

**COGAN,** District Judge.

Plaintiff's second motion for reconsideration is granted. Plaintiff has submitted an amended complaint, as the Court directed him to do in April. The amended complaint addresses the failures the Court identified with the original complaint. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.

However, this case cannot proceed at the present time. As noted in this Court's Order denying his first motion for reconsideration, he has been charged, *inter alia*, with multiple counts of second degree assault arising out of the incident which is the subject of this action. Those charges remain pending in People v. Baez, No. 430-17 (Queens Cty. Sup. Ct.). Plaintiff's amended complaint seeks, in part, an injunction requiring the termination of the officers involved (or possibly all officers). While the state court charges against him are pending, he may not maintain claims for such relief pursuant to Younger v. Harris, 401 U.S. 37 (1971), as this Court should not interfere with the pending state court prosecution. And although plaintiff's amended complaint in this action also seeks damages, which are not strictly subject to Younger, see

Giuliani v. Blessing, 654 F.2d 189, 192-94 (2d Cir. 1981), it is also appropriate to stay this action even as to his damage claims to prevent such interference. See Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000).

In light of the foregoing, plaintiff's second motion for reconsideration is granted and the Court vacates its April 26, 2017 Order and the Clerk's Judgment dismissing this action. The Clerk is directed to reopen this case. The case is stayed pending the resolution of the criminal action. Plaintiff is directed to inform this Court no later than December 23, 2017 of the status of his criminal case and earlier if it is resolved. Since plaintiff previously had another complaint in this Court dismissed for failure to prosecute, he is advised that if he does not keep the Court apprised of the status of the case as required by this Order, this action will be dismissed.

**SO ORDERED.**

                                                                                                                                         _____
                                                                                                                                                    U.S.D.J.

Dated: Brooklyn, New York
       October 23, 2017